IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donnell Mitchell,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Teamsters Local Union 509,<br><br>                    Defendant. | Civil Action No. 1:25-cv-13070-CMC<br><br><br>**ORDER** |

Through this action, Plaintiff Donnell Mitchell ("Plaintiff" or "Mitchell"), proceeding *pro se*, seeks recovery from Teamsters Local Union 509 ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*("ADA"); and the National Labor Relations Act ("NLRA"), as amended by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 414 *et seq*.  Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

The matter is before the court on multiple motions by the parties. Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. Because Plaintiff is proceeding *pro se*, the court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the applicable procedures and consequences if he failed to respond adequately to Defendant's motion. Dkt. No. 12. Plaintiff filed a response in opposition to Defendant's motion (Dkt. No. 16) and a motion for judgment on the pleadings pursuant to Rule 12(c)/and for summary judgment (Dkt. No. 17). Plaintiff also filed a motion for sanctions. Dkt. No. 23. Defendant filed a reply in support of its motion to dismiss (Dkt.

No. 18) and a response to Plaintiff's motion for judgment on the pleadings/for summary judgment (Dkt. No. 20). Plaintiff filed a reply regarding his motion for judgment on the pleadings/summary judgment (Dkt. No. 22) and a sur reply to Defendant's motion to dismiss (Dkt. No. 24).

On February 3, 2026, the Magistrate Judge issued a Report denying Plaintiff's motion for sanctions and recommending Defendant's motion to dismiss be granted in part and denied in part; and Plaintiff's motion for judgment on the pleadings be denied. Dkt. No. 25.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  Plaintiff filed a motion to amend the complaint. Dkt. No. 28.  Defendant filed objections to the Report, Dkt. No. 29, and Plaintiff filed a response to the objections, Dkt. No. 31.

## 1. **Standard**

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district

court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of the claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.* The court may consider documents attached to the complaint when considering a motion under Rule 12(b)(6). *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### 2. **Discussion**

The Magistrate Judge recommends the court grant Defendant's motion to dismiss as to Plaintiff's hybrid representation claim, deny the motion as to Plaintiff's standalone representation claim, and grant dismissal of Plaintiff's ADA, Title VII, and NLRA claims. Dkt. No. 25 at 11, 13-15. The Magistrate Judge also recommends denying Plaintiff's motion for judgment on the pleadings/for summary judgment as well as his motion for sanctions. *Id.* at 16-17.

3

After receiving the Report, Plaintiff filed an Amended Complaint for breach of duty of fair representation. Dkt. No. 28. He did not include any specific objections to the Report. Defendant filed objections, arguing the standalone duty of fair representation claim should be dismissed because the Complaint fails to allege facts sufficient to state a plausible claim. Dkt. No. 29 at 2. In the alternative, if the court adopts the Report and allows the standalone claim to proceed, Defendant consents to Plaintiff's Motion to Amend. *Id.* at 4. Plaintiff filed a reply to Defendant's objections, arguing his standalone claim should proceed. Dkt. No. 31.

The court agrees with the Magistrate Judge Plaintiff has provided facts sufficient to allege a standalone duty of fair representation claim at this point in the litigation. Plaintiff alleges he was "ghosted" by his union representative. Although Defendant argues this is insufficient, as a plaintiff must show a union engaged in intentional conduct (Dkt. No. 29 at 3), the court finds, given Plaintiff's *pro se* status, he has alleged facts that could plausibly develop into arbitrary or intentional conduct. Plaintiff's reply notes he alleges intentional refusal of representation by the Union and that the union "prevented contractual protections from being invoked." Dkt. No. 31 at 2. He also submits he did not leave his job voluntarily, but his employment was made untenable by "ongoing retaliation and unchecked violations." *Id.* at 3. In addition, Plaintiff has filed a motion to amend the Complaint to focus on this claim, and Defendant has consented to the filing (if the court declines to dismiss the standalone claim). *Id.* at 4.

Accordingly, the court adopts the Report by reference in this Order. Defendant's motion to dismiss (Dkt. No. 11) is granted in part as to claims under the ADA, Title VII, and NLRA, as well as the hybrid representation claim. However, it is denied as to the standalone duty of fair

representation claim. Plaintiff's motion for judgment on the pleadings/summary judgment (Dkt. No. 17) is denied as premature. Plaintiff's motion for sanctions was denied by the Magistrate Judge. Plaintiff's motion to amend the complaint (Dkt. No. 28) is granted, and Plaintiff's proposed Amended Complaint is hereby deemed filed and the Clerk of Court is hereby directed to file the Amended Complaint as a separate docket entry in the case. Defendant shall file a response to the amended pleading within 14 days of the entry of this Order. This matter is re-referred to the Magistrate Judge for further pre-trial matters.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 21, 2026

5